IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

Dated: September 25, 2009



_____
SARAH S. CURLEY
U.S. Bankruptcy Judge

**MARK WESBROOKS**
THE WESBROOKS LAW FIRM, P.L.L.C.
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
(602) 262-0390 Fax: (602) 262-4353
Mark.Wesbrooks@azbar.org
State Bar No. 018690
**Attorney for Debtors**

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re: | Case No: 2:09-bk-07199-SSC |
| MATTHEW BEVAN HOWARD | CHAPTER 13 |
| and | ORDER CONFIRMING CHAPTER 13 PLAN, APPROVING APPLICATION FOR ADMINISTRATIVE EXPENSE; APPOINTING TRUSTEE DIRECTING PAYMENTS, AND FIXING COMMISSION AND EXPENSES OF TRUSTEE |
| KIMBERLY KAY HOWARD | |

This proceeding coming on regularly to be heard by the Court; the Debtors having been represented by legal counsel, THE WESBROOKS LAW FIRM, P.L.L.C.; and the Court having considered the entire record before it:

**THE COURT FINDS AS FOLLOWS:**

1. The Debtors' Chapter 13 Plan has been accepted in writing, or is deemed to have been accepted, by the creditors whose acceptance is required by law.

2. The Plan has been proposed and its acceptance procured in good faith and not by any means, promises, or acts forbidden by law.

3. The Plan is in the best interest of the creditors and is feasible, taking into account the statements filed by Debtor.

4. The Debtors have not been guilty of any of the acts, or failed to perform any of the duties, which would be a bar to a discharge in bankruptcy.

5. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim, if the estate of the debtor(s) were liquidated under Chapter 7, Title 11, United States Code, on such date. The Plan accommodates payments to the unsecured creditors at pro rata of the amount due.

6. The debtors will be able to make all payments under the Plan and comply with the Plan.

7. Creditor secured by mortgage lien on real property, <u>Wells Fargo Home Mortgage</u> to receive regular monthly payments becoming due after the filing of the petition, and thereafter, outside of the Plan, directly from the Debtors, and are included in the Debtors' monthly budget. Arrears accrued (which include all late fees, attorney fees and other charges) through and including the date of filing of the petition, in the sum of <u>$7,995.53</u>, to be paid in full by the Trustee, without interest. Such arrearage is to be paid, pro rata, by the Trustee, subject to payment of approved administrative expenses, the accrued arrears to be cured within the length of the Plan.

8. Creditor, CitiMortgage, is a wholly unsecured creditor for the reason that the value of the Debtor's Homestead on the date of case filing was below First Lien holder's claim. Such

Creditor's claim is wholly unsecured and subject to discharge in the present case. *In Re Zimmer*, 313 F.3d 1220 (9th Cir. 2002). Accordingly, such Creditor shall not be paid inside or outside of the plan, other than as an unsecured creditor sharing in a pro rata distribution with other creditors holding unsecured non-priority claims, if such creditor has timely filed an allowed proof of claim. Neither the Plan nor the Order Confirming shall constitute the filing of an informal proof of claim for any creditor.

9. Any proceeds from the sale of debtors' residence, over and above debtors' $150,000.00 homestead exemption, after full satisfaction of the then-existing balance due on any creditors secured by that residence, to be turned over to the trustee, if necessary, during the first 36 months of the plan.

10. Creditor secured by a 2006 Honda Pilot, State Farm Bank, to be paid the sum of $17,241.54, as the present value of the secured claim of such creditor, through the trustee, with interest at the rate of 7 %. Creditor to receive adequate protection payments in the monthly sum of $179.60 per month, for each month of the plan. Such claim is to be paid, pro rata, by the Trustee, subject to payment of allowed administrative claims and expenses. Upon payment of the secured portion of such claim, such creditor shall release the lien on such vehicle. The Trustee has authority to pay the claim of State Farm Bank, although the Creditor has failed to file any proof of claim; however, neither the Plan nor the Order Confirming shall constitute the filing of an informal claim for any creditor.

11. Creditor secured by a 2002 Audi, Americredit shall not receive payment under the Plan, as Debtor have surrendered all interest in collateral to such creditor. The automatic stay is hereby vacated as to such collateral, and such creditor may pursue all interests in said collateral

without further order of the Court. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for possible deficiency balance, the creditor must file an amended, unsecured proof of claim.

12. Tax Claims to be paid as follows:

   a. Paid as priority claims:

   | CREDITOR | YEAR(S) | AMOUNT |
   |---|---|---|
   | AZ DOR | 2008 | $ 401.09 |

   b. Secured Tax Claims on which interest pursuant to IRC Sections 6621 and 6222 are to be paid as follows:

   | CREDITOR | YEAR | AMOUNT |
   |---|---|---|
   | NONE | | |

   All tax liens placed by the respective tax agencies to be released, and extinguished upon payment, or upon entry of discharge pursuant to 11 U.S.C. 1328(a). Secured tax claims to be paid with statutory interest at the rate of 6%. No provision in the Chapter 13 Plan or the Stipulated Order Confirming the Plan, is intended to extend the automatic stay to prohibit any creditor from collecting post-petition debt from property that re-vested in the debtor.

   c. Paid as unsecured, nonpriority claims:

   | CREDITOR | YEAR | AMOUNT |
   |---|---|---|
   | NONE | | |

   Debtor is required to keep current the filing of all required post-petition tax returns, as well as making all payments due on such returns.

13. All administrative costs and attorney fees to be paid by the Trustee prior to payment of other claims set forth herein, unless expressly provided otherwise herein. The Court has considered Debtor's counsel's Application for Payment of Administrative Expenses, and the Court

finds that such fees are reasonable and necessary to the administration of this case. Such fees and expenses in the total amount of $4,000.00, are approved and allowed, with the sum of $2,900.00 to be paid by the Trustee to The Wesbrooks Law Firm, P.L.L.C., who is legal counsel and Applicant for payment of such fees and expenses. Such administrative claim is to be paid subject only to those claims of equal or higher priority.

14. Based upon the figures presented, the trustee estimates a 60-month plan.

15. Any property or funds submitted to the trustee pursuant to this order confirming in excess of the monthly amounts required by this order confirming the plan of reorganization will be treated as advanced payments. In the event the debtor files a modified plan pursuant to 11 U.S.C.§ 1329, the yield to non-priority unsecured creditors under such modified plan need not necessarily equal the yield under this present Order Confirming, provided that the debtors projected disposable income during the first 36 months of the Plan be applied as Plan payments, and the non-priority unsecured creditors received not less than what they would receive in a chapter 7 proceeding. *In re Porter*, 102 B.R. 773, 777 (9th Cir. BAP 1989); *In re Anderson*, 21 F. 3d 355, 356 (9th Cir. 1994). **In no event will the Plan duration be less than 36 months, exclusive of any property recovered by the trustee, unless all allowed claims are paid in full. 11 U.S.C. § 1325 (b)(1).**

16. Debtors are reminded that Plan payments must be made on or before the monthly due date. Late or missed payments may cause additional interest to accrue on secured debts, which could result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge of the case will be entered. This requirement applies regardless of Plan payments suspensions, waiver or moratoriums.

17. Debtors are required to turn over to the trustee, copies of their 2009, 2010 and 2011

state and federal income tax returns, within 30 days of filing said returns. To the extent that the debtors may receive any tax refunds for years 2009 and 2010, debtors shall turn over net refunds to the plan as supplemental plan payments.

18. The Plan and this Order shall not constitute an informal proof of claim for any Creditor.

**IT IS ORDERED AS FOLLOWS:**

1. The Debtors' Plan is confirmed. The automatic stay protections of 11 U.S.C., § 362 shall remain in full force and effect only as to prepetition claims against the debtor(s), until discharge under 11 U.S.C. § 1338 is granted, or until the dismissal of this proceeding;

2. Edward Maney, P.O. Box 10434, Phoenix AZ 85064, (602) 277-3776, is appointed trustee;

3. The debtors shall pay $620.00 per month for months 1 through 6, and the sum of $633.00 per month thereafter, through the conclusion of the Plan, such payments becoming due to the trustee on the 1st day of each month of the Plan, commencing May 12, 2009;

4. The trustee shall receive such percentage fee of Plan payments as may be periodically fixed by the Attorney General pursuant to 28 U.S.C. §586(e), but not to exceed 10% of all disbursements.

DATED this _____ day of _____, 2009,

_____
U.S. BANKRUPTCY JUDGE

The foregoing approved as
To form and content by:

_____
Edward Maney
Bankruptcy Trustee
P.O. Box 10434
Phoenix, AZ 85064

_____
WELLS FARGO BANK, N.A.
Leonard McDonald
Mark Bosco
Tiffany & Bosco, P.A.
2525 E. Camelback Rd., Third Floor
Phoenix, Arizona 85016